Mr. Justice Cox
delivered the opinion of the Court:
This case presents a legal puzzle. The plaintiffs sue the defendant and say that the plaintiffs are husband and wife and reside in the District of Columbia; that the plaintiff, Mary Candy, has a separate estate, which is invested in furniture and fixtures and the hiring of house No. 929 E Street northwest, in Washington City, where the plaintiffs reside and where said Mary Candy carries on the business of renting rooms and keeping boarders; that, in the course of her said business, the said Mary Candy undertook to and did board and lodge Malvina W. Smith, then and now the lawful wife of the defendant, for about one year, to wit, from about July 12, 1882, to July 12, 1883, at and for the sum of $35 per month; that during the said time the defendant failed and refused to provide for his said wife, and such *305 board and lodging furnished her by said plaintiffs were necessary to her life and comfort, and were furnished her on the defendant’s credit, and that by reason of the premises the defendant is justly indebted to the plaintiffs in the sum of $420, for which they bring suit.
There are also the common counts.
To this declaration a general demurrer was filed.
The matters of law intended to be argued were — first, a misjoinder of the parties plaintiff; second, that in a suit against the husband for necessaries furnished his wife the plaintiff must aver all the special facts which render the husband liable.
The plaintiffs filed a joinder in demurrer, and, the issue coming on for hearing, the Court, of its own motion, certified the case to be heard in the General Term in the first instance.
The argument for the defendant is this: here is an alleged entire promise to pay $35 a month. The consideration for that promise consists of several elements. The first is the use of the furniture and room, which was the separate estate of the wife. The wife alone can sue upon a promise of that kind. The husband cannot be joined with her. Another element in the consideration is the work, labor, attendance and personal service of the wife. The husband alone can sue foi that. The husband cannot join in suing upon this promise, so far as it relates to the use and occupation of the wife’s separate estate. The wife cannot join with the husband in suing upon it so far as it is a promise to pay the wife for personal services; and, inasmuch as the promise is an entire promise and cannot be apportioned, neither party can sue for any part of the consideration, and, therefore, neither husband nor wife nor both jointly can sue for the whole or any part of the amount claimed under this contract.
If that is so, it is a very hard case; but if the rules of law *306 require it, they cannot be strained in order to serve the purpose even of a meritorious claim. We first speak of the special count. With regard to the wife’s separate estate, as we all know, the law is that her right to any property, personal or real, which belonged to her at the time of marriage, or which was acquired after marriage in any other way than by gift or conveyance from her husband, is as absolute as if she were not married; and she may contract and sue and be sued in matters having relation to her separate estate as if she were unmarried.
In the ease of an unmarried woman it is perfectly apparent that nobody could be joined with her in a suit for any consideration furnished by her upon an implied or express assumpsit, and quoad the separate estate of a married woman, her husband is as much a stranger to her as anybody else. If he could join in a suit in a matter having relation to her separate property, he could control the suit; and in case of her death it would survive to him. Such a result would be entirely foreign to the spirit and intent of the Married Woman’s Act, so that there does seem to be an insuperable difficulty in the way of the husband joining with his wife in a suit upon a promise made to her in a matter having relation to her separate estate. It is contended, to be sure, on the part of the plaintiffs, that the wife may join with the husband in suing upon a promise made to her during marriage, where she is the meritorious cause of action, as she is alleged to be in this case; but that will not help the matter. No one can she unless he can be a plaintiff as to the entire cause of action. If two parties have distinct interests in an entire cause of action, each one being entitled only to a portion of it, they can no more join in a suit than if they have separate promissory notes payable to them respectively.
On the part of the defendant it is further maintained that the wife cannot join with her husband in.suing upon a *307 promise made to her during marriage in consideration of her personal labor and services; and if that be true, it is equally fatal to the special count with the objection I have already considered. The husband cannot join the wife in suing upon a matter relating to her separate estate; and it is also contended that she cannot join with her husband in a suit for the fruits of her own labor.
We are not inclined to agree with the defendant, however, in this position. It was held a long time ago, in a case cited with approval in Chitty’s Pleadings, as follows: “In general, the wife cannot join in an action upon a contract made during the marriage, as for her work and labor, goods sold, or money lent by her during .that time, for the husband is entitled to her earnings, and they shall not survive to her, but go to the personal representatives of the husband, and she could have no property in the money lent or the goods sold; but when the wife can be considered as the meritorious cause of action, as if a bond or other contract under seal, or a promissory note, be made to her separately or with her husband, or if she bestow her personal labor and skill in curing a wound, etc., she may join with her husband or he may sue alone.” 1 Chitty, Pl., 30.
This is qualified a little further on in the same book, as follows: “But care should be taken that the declaration does not embrace a cause of action which affords the husband only a right to sue. Therefore, where husband and wife declared for a debt due for a cure effected by the wife during their marriage and the declaration also contained a charge for medicines supplied, upon general demurrer it was objected that the wife could not join, for that she was not the sole cause of action, because the medicines were the husband’s own property, and the damages could not be severed ; and of that opinion was the Court.”
This difficulty is suggested in this case. If the suit should be brought for the board alone, that consists of food, *308 which, may be supplied by the husband instead of the wife, as well as of the personal services of the wife in preparing and serving it, etc., so that even that branch of the case is not without difficulty.
However, there are common counts in the declaration, and we are not prepared to say that under them the plaintiffs may not establish a case from which the law would imply a promise to pay the wife, on which the husband could sue — a case in which her special skill in housekeeping, etc., might be the meritorious cause of action, and in which she might be joined with her husband.

We, therefore, sustain the demurrer to the special count and overrule it as to the common counts, and send the case hade for further proceedings.